IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Hilda M. Elezovic | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No.: L-05-905 |
| | * | |
| Gordon R. England | | |
| Defendant. | * | |

******

**MEMORANDUM**

Hilda Elezovic, a security clerk at the National Naval Medical Center, filed this employment discrimination suit on April 1, 2005.  Defendant, the Secretary of the Navy, filed a motion to dismiss or, in the alternative, for summary judgment.

A motion to dismiss tests the sufficiency of a complaint.  The liberal pleading requirements of Federal Rule of Civil Procedure 8(a) demand only a "short and plain" statement that gives "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  A plaintiff is not required to marshal evidence, in fact she is enjoined from burdening the complaint with evidence that would be produced at trial.  See Fed. R. Civ. P. 8(e) ("pleading to be concise and direct").

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief.  See Conley, 355 U.S. 41 at 45-46; Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.  In evaluating such a claim, the Court must accept as true all well-pleaded

allegations of fact and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

Here, Ms. Elezovic, who is of Colombian descent, makes three general allegations: that she was forced to endure a hostile work environment based on race and national origin, that she was discriminated against based on race and national origin, and that she was retaliated against for making a complaint of discrimination.  These allegations state a cause of action under Title VII of the Civil Rights Act of 1964, which makes it an "unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2 (a)(1).  In support of her claims she alleges the following specific facts.

(A) Discrimination

Ms. Elezovic claims that unlike similarly situated employees, she was "formally disciplined" for speaking her native tongue, Spanish.  She also claims that, unlike similarly situated employees, she did not receive an award, although she contends that she deserved one.  Ms. Elezovic claims that she was also "publicly humiliated" when she was not included in a group photograph of the award recipients.  She also claims she was falsely accused of rudeness in her dealings with customers.

(B) Retaliation

Ms. Elezovic claims that after she filed a formal complaint of discrimination, she was placed at a smaller desk in a back room, facing a wall, in order to "humiliate and harass her."

(C) Hostile Work Environment

Ms. Elezovic contends that these various events subjected her to a hostile work environment.

Under the case law, the facts that she has alleged are insufficient to sustain her general claims.  For example, the harassment she alleges does not arise to a "severe and pervasive" level.  Not getting an award and having one's desk moved do not amount to adverse employment actions "affecting the terms, benefits, or conditions" of her employment.[1]

Title VII, however, does not require a heightened pleading standard, nor is a plaintiff required to plead a *prima facie* case.  Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002).  "Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits."  Id. at 515.  "Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Ms. Elezovic has satisfied the pleading requirements of Rule 8(a).  Accordingly, the motion to dismiss is denied.

At this juncture, the Court cannot determine whether the alleged facts alone or in combination would withstand a subsequent motion for summary judgment.  The time for developing the factual record is during the discovery phase.  At the end of discovery, the defendant will be given the full opportunity to file a motion for summary judgment that tests the factual sufficiency of the proof that Ms. Elezovic offers to support her claims.  Because it is premature, the Court will deny the motion for summary judgment, and the case will proceed to discovery.

---

[1] These are critical elements of *prima facie* cases of hostile work environment, discrimination, and retaliation claims.  See Bass v. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004); Von Guten v. Maryland, et al., 243 F.3d 858, 866 (4th Cir. 2001), respectively.

The defendant has not yet filed an answer to the complaint.  An answer is due within twenty (20) days from the date of the Order denying the motion to dismiss and the motion for summary judgment.  Discovery may proceed as the defendant prepares its answer, and the Court will enter a Scheduling Order under separate cover.

Dated this 21st day of April, 2006.

$\qquad\qquad\qquad$ /s/ $\qquad\qquad$
Benson Everett Legg
Chief Judge